UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SCOTT ALLAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE NORTHERN INSURANCE COMPANY dba PROGRESSIVE INSURANCE DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No. 2:22-cv-01424-GMN-EJY<br><br>**ORDER** |

Pending before the Court is Defendant's Motion for Leave to Take Depositions (ECF No. 47) that, in the body, indicates the Motion is an emergent one. *Id*. at 2. The Court finds the close of discovery is currently set for July 24, 2024, which creates some urgency to resolve Defendant's request.

Plaintiff is presently without counsel, a circumstance that has not changed since May 2, 2024 when the Court granted the request to withdraw sought by Plaintiff's prior counsel. ECF No. 45. The eleven (11) week lapse since counsel's withdrawal is sufficient time within which Plaintiff could have secured new counsel.

Plaintiff's alleged failure to participate in meet and confer efforts is not excused by his *pro se* status. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("*Pro [s]e* litigants must follow the same rules of procedure that govern other litigants."). Plaintiff's *pro se* status also does not relieve him of his obligation to cooperate in the discovery process. *Shakur v. YRC, Inc.*, Case No. CV 21-01013-MWF (RAOx), 2022 WL 19241059 (C.D. Cal. Aug. 17, 2022).

Accordingly, IT IS HEREBY ORDERED that:

- Plaintiff **must** participate in Defendant's meet and confer request pertaining to the depositions of Drs. Kabins and Khavkin **no later than 3 p.m. on July 26, 2024**.

- Defendant **must** email Plaintiff with three alternative dates and times to meet and confer (by telephone, in person or by Zoom) commencing on Tuesday July 23 at 8 a.m. and ending on Friday July 26 at 3 p.m.  Defendant **must** send this email to Plaintiff no later than **3 p.m.** on **July 19, 2024**.

- Plaintiff **must** respond to Defendant's email providing his availability to meet and confer on one of the three dates and times offered no later **5 p.m.** on **July 22, 2024**.

- The meet and confer **must** occur sometime between 8 a.m. on July 23 and 3 p.m. on July 26, 2024.

- Plaintiff may choose to do one of the following:  (1) provide Defendant permission to contact the offices of his health care providers for purposes of obtaining dates on which they are available for deposition; (2) provide specific dates Plaintiff has confirmed with these doctors they are available for deposition; or (3) continue to object to Defendant's request to depose Plaintiff's health care providers.

- If Plaintiff chooses to continue to object to Defendant's request to depose Drs. Kabins and Khavkin, Plaintiff **must** file a response to Defendant's Motion **no later than August 1, 2024**.  If Plaintiff retains counsel before **August 1, 2024**, Plaintiff **must** provide a copy of this Order to such counsel and Plaintiff's counsel **must** comply with this Order.

IT IS FURTHER ORDERED that if Plaintiff consents to Defendant's request to depose his health care providers, Defendant **must** file a notice **withdrawing**, without prejudice, its Motion for Leave to Take Depositions no later than **August 1, 2024**.

IT IS FURTHER ORDERED that if Plaintiff chooses to continue his objection to Defendant's request to depose Drs. Kabins and Khavkin and fails to file a response to Defendant's Motion to Take Depositions Outside the Discovery Period on or before **August 1, 2024**, the Court will grant Defendant's Motion.

Dated this 18th day of July, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

2